No. 12662

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THE STATE OF MONTANA,

  Plaintiff and Respondent,

-vs-

WILLIAM TURCOTTE,

  Defendant and Appellant.

---

Appeal from:  District Court of the Twelfth Judicial District,
              Honorable B. W. Thomas, Judge presiding.

Counsel of Record:

  For Appellant:

      Morrison, Ettien & Barron, Havre, Montana
      Robert D. Morrison argued, Havre, Montana

  For Respondent:

      Hon. Robert L. Woodahl, Attorney General, Helena,
      Montana
      Thomas J. Beers, Assistant Attorney General, argued,
      Helena, Montana
      Ronald W. Smith, County Attorney, Havre, Montana
      David G. Rice, Deputy County Attorney, argued, Havre,
      Montana

---

                              Submitted:  May 23, 1974

                               Decided:  JUL 16 1974

Filed: JUL 16 1974

_Thomas J. Kearney_
                                              Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from an order of the district court of the twelfth judicial district, county of Hill, denying defendant's motion to suppress evidence in a drug case. Appeal was brought after defendant had plead guilty to the charge contained in the information and final judgment of the court had been entered.

The facts relevant to the appeal are: A police officer of the city of Havre obtained a search warrant January 24, 1973 to search defendant's residence. The search produced evidence which led to the charge against defendant of possession of dangerous drugs in violation of section 54-133, R.C.M. 1947, on January 26, 1973. On March 7, 1973, defendant filed a motion to controvert search warrant and suppress evidence which was heard by the district court on March 30, 1973. The matter was taken under advisement by the court and denied on April 25, 1973. On July 30, 1973 defendant applied to this Court for a writ of supervisory control, Cause No. 12566, State of Montana ex rel. William Turcotte v. District Court of the 12th Judicial District of the State of Montana.

The application was heard ex parte on July 30, 1973 and the writ denied on procedural grounds the same day. Trial of the cause was set in the district court for November 1, 1973. On that day defendant plead guilty to the charge after first advising the court that he was preserving his constitutional and statutory right to appeal the adverse ruling denying the motion to suppress, heretofore discussed. His rationale being to petition the district court to withdraw the guilty plea in the event this Court rendered a decision favorable to defendant.

The district court judge very carefully questioned defendant on all aspects of a guilty plea and demonstrated in the record

- 2 -

that defendant was making an intelligent voluntary plea and was fully satisfied with the assistance of his counsel. Thereafter on November 29, 1973, the court gave defendant a deferred imposition of sentence and defendant was placed on probation.

This appeal does not concern the guilty plea or judgment, but presents two issues for review having to do with the search of defendant's residence and the failure to make a return to the issuing magistrate.

The dispositive question before this Court is whether a voluntary plea of guilty to the crime of possession of dangerous drugs forecloses defendant from seeking review of procedures prior to the entry of the guilty plea.

The general rule is that a plea of guilty voluntarily and understandingly made constitutes a waiver of nonjurisdictional defects and defenses, including claims of violations of constitutional rights prior to the plea. The reasoning is that a person pleading guilty is convicted and sentenced on his plea, not on the evidence. United States v. Clark, (1972 CA 8 Mo.) 459 F.2d 977, cert. den. 409 U.S. 880, 34 L ed 2d 135, 93 S.Ct. 209.

In Tollett v. Henderson, 411 U.S. 258, 36 L ed 2d 235, 243, 93 S.Ct. 1602, the United States Supreme Court held:

> "We thus reaffirm the principle recognized in the Brady trilogy: a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann."

In Petition of Harold Ebeling, 143 Mont. 298, 299, 387 P.2d 302, the defendant after waiving his right to counsel, plead guilty to three counts of burglary in the first degree. He later

- 3 -

brought a petition for writ of error coram nobis in an attempt
to withdraw his guilty plea and for the entry of a plea of not
guilty and for the appointment of counsel to represent him. De-
fendant claimed that an illegal search had been made of his hotel
room. This Court stated:

> " * * * While petitioner makes much of the contended
> illegal search, these matters were known to him be-
> fore he made any confession since he was present
> and knew what was being done. His plea of guilty
> waives the necessity of proof on the part of the
> state and we fail to see where any cause exists
> for the issuance of any writ herein."

In State v. Lowery, 148 Mont. 75, 80, 417 P.2d 113, the
defendant plead guilty but later challenged the competency of his
counsel and coercion of a confession which was not used against
him. This Court held that by entering a plea of guilty the de-
fendant admitted that the murder charge was well plead and in so
doing waived all other defenses other than that the Information
charges no offense.

We do not disagree with defendant's argument and author-
ity as it concerns the withdrawal of a guilty plea before the district
court. In fact under the present deferred imposition of sentence
defendant will be allowed to do precisely that.

Defendant seems to reason that Tollett is not authority
for the facts presented here, because defendant here preserved his
constitutional rights before the plea. First, a conditional plea
is not allowed in Montana, section 95-1606(e), R.C.M. 1947. Second,
defendant had a full hearing on the alleged constitutional violation
of his rights and the trial court ruled adversely to him. Third,
the plea of guilty was properly entered, as discussed above, with
a type of plea bargain to withdraw the plea if there was a proper
appeal to this Court from the motion to suppress evidence, which
evidence was not used at trial to convict, and if this Court ruled
favorably to defendant. Fourth, there is no statutory authority in

Montana for a procedure of this type. Section 95-2404, R.C.M. 1947. Fifth, and finally, the case law both federal and state makes these issues matters of defense at trial and upon a judgment of final conviction when the evidence is used against defendant the constitutionality of obtaining the evidence becomes an issue on appeal.

In Alden v. State of Montana, 234 F.Supp. 661, 664, where a plea of guilty had been voluntarily entered, Judge Murray held:

> "'Complaints in regard to arrest and search are matters for defense * * *. One who pleads guilty waives these defenses and is not in a position to successfully move for a writ of habeas corpus on claims of alleged illegal arrest, search and seizure. Cf. United States v. Zavada, 291 F.2d 189 (6th Cir. 1961); United States v. Salzano, 241 F.2d 849 (2nd Cir. 1957).' United States ex rel. Hazen v. Maroney, 217 F.Supp. 328 (D.C. 1963)." (Emphasis supplied.)

For the foregoing reasons, the appeal is dismissed.

_____
Justice

We concur:

_____

_____

_____
Justices

- 5 -