
DA 07-0388

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 339

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

IVER KELSCH,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DC 06-66
Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Benjamin R. Anciaux, Attorney at Law, Polson, Montana

      For Appellee:

      Hon. Mike McGrath, Montana Attorney General; David Ole Olson,
Assistant Attorney General, Helena, Montana

      Mitch Young, Lake County Attorney, Polson, Montana

Submitted on Briefs:  June 4, 2008

Decided:  October 9, 2008

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Iver Kelsch (Kelsch) appeals from the judgment entered by the Twentieth Judicial District Court, Lake County, on his convictions for felony and misdemeanor criminal possession of dangerous drugs. We affirm.

¶2     Kelsch raises the issue of whether the District Court erred in denying his motion to suppress evidence.

## BACKGROUND

¶3     On the evening of April 1, 2006, Officer Travis Scheive (Scheive) of the Polson City Police Department initiated a traffic stop of a vehicle travelling westbound on Highway 93 in Lake County, Montana. Scheive initiated the stop based on his observation that the vehicle did not have visible taillights as required by Montana law. The traffic stop culminated in Scheive arresting the driver—identified as Kelsch—for possession of dangerous drugs and drug paraphernalia. The State of Montana (State) subsequently charged Kelsch by information with both felony and misdemeanor criminal possession of dangerous drugs, as well as misdemeanor criminal possession of drug paraphernalia.

¶4     Kelsch moved the District Court to suppress all evidence seized and statements made during and after the traffic stop, arguing that Scheive had no particularized suspicion of wrongdoing to justify the stop. The District Court held an evidentiary hearing, following which it orally denied Kelsch's motion to suppress. Kelsch moved the court to reconsider his suppression motion and the court denied that motion.

2

¶5    Kelsch then entered into a written plea agreement with the State by which he agreed to plead guilty to the felony and misdemeanor offenses of criminal possession of dangerous drugs. The State agreed to dismiss the misdemeanor criminal possession of drug paraphernalia charge and recommend a specific sentence. The District Court accepted Kelsch's guilty pleas, sentenced him in accordance with the plea agreement and entered judgment. Kelsch appeals.

**DISCUSSION**

¶6    ***Did the District Court err in denying Kelsch's motion to suppress evidence?***

¶7    Kelsch argues on appeal that the District Court erred in denying his motion to suppress because the evidence presented at the hearing on his motion established that the taillights on his vehicle were operative and, thus, Scheive had no particularized suspicion justifying the investigative stop. In response, the State first argues that Kelsch is barred from raising this issue on appeal because he waived his right to do so by pleading guilty in the District Court. We agree with the State.

¶8    It has long been the rule in Montana that, where a defendant voluntarily and knowingly pleads guilty to an offense, the plea constitutes a waiver of all nonjurisdictional defects and defenses, including claims of constitutional rights violations which occurred prior to the plea. *See e.g. State v. Turcotte*, 164 Mont. 426, 428, 524 P.2d 787, 788 (1974); *Stilson v. State*, 278 Mont. 20, 22, 924 P.2d 238, 239 (1996); *State v. Gordon*, 1999 MT 169, ¶ 23, 295 Mont. 183, ¶ 23, 983 P.2d 377, ¶ 23; *State v. Rytky*, 2006 MT 134, ¶ 7, 332 Mont.

3

364, ¶ 7, 137 P.3d 530, ¶ 7. "The reasoning is that a person pleading guilty is convicted and sentenced on his plea, not on the evidence." *Turcotte*, 164 Mont. at 428, 524 P.2d at 788.

¶9    In 1991, the Montana Legislature amended the Criminal Procedure Code to provide a mechanism by which criminal defendants may enter conditional pleas, pursuant to plea agreements or otherwise, and thereby reserve their ability to appeal adverse pretrial rulings by the trial court. 1991 Mont. Laws Sec. 132, Ch 800. In that regard, § 46-12-204(3), MCA, provides that "[w]ith the approval of the court and the consent of the prosecutor, a defendant may enter a plea of guilty or nolo contendere, reserving the right, on appeal from the judgment, to review the adverse determination of any specified pretrial motion. If the defendant prevails on appeal, the defendant must be allowed to withdraw the plea."

¶10    In his appellate brief, Kelsch states that when he entered into the plea agreement with the State, he "reserved the right to appeal the District Court's denial of [his] Motion to Suppress." Our review of the record, however, reveals otherwise. The plea agreement—signed by Kelsch, his counsel and counsel for the State, and presented to the District Court at the change of plea hearing—contains no language reserving Kelsch's right to appeal any pretrial ruling by the District Court. Nor does anything else in the record on appeal indicate that Kelsch—with the consent of the State and the approval of the District Court—reserved his right to appeal the court's denial of his motion to suppress.

¶11    Absent any record support for Kelsch's argument, we conclude Kelsch waived his right to appeal whether the District Court erred in denying his motion to suppress. As a result, we decline to address this issue further.

4

¶12    Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ JOHN WARNER
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS