FILED

12/20/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0645

DA 15-0645

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 331

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

BILLY JOE WATTS,

        Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. BDC 2014-280
Honorable Jeffrey M. Sherlock, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant
Appellate Defender, Helena, Montana

        For Appellee:

            Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

            Leo Gallagher, Lewis and Clark County Attorney, Luke Berger, Deputy
County Attorney, Helena, Montana

Submitted on Briefs:  October 26, 2016

Decided:  December 20, 2016

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Billy Joe Watts (Watts) appeals from the District Court's denial of his motion to dismiss his previous Partner Family Member Assault (PFMA) convictions based on the unconstitutionality of the PFMA statute. We affirm.

¶2    We restate the issue on appeal as follows:

*Did the District Court err when it denied Watts' motion to dismiss his felony conviction of Partner Family Member Assault and reduce his charge to a misdemeanor at sentencing?*

**FACTUAL AND PROCEDURAL BACKGROUND**

¶3    The State charged Watts with his fifth PFMA, a felony, for conduct occurring on June 23, 2014. Watts was on probation for a 2012 PFMA conviction. Watts has four prior PFMA convictions (2002 misdemeanor; 2003 misdemeanor; 2003 felony; and 2012 felony). The State filed a notice to classify Watts as a persistent felony offender (PFO) based on his 2003 and 2012 PFMA convictions.

¶4    Watts negotiated a plea agreement with the State where he agreed to plead guilty to PFMA (a felony) and the State agreed to withdraw the PFO notice. The plea agreement Watts signed included a proper acknowledgement and waiver of rights. The form provided that Watts understood and had the opportunity to examine the charges against him with his attorney; that his attorney fully advised and explained to him his rights, and the possible punishment for his crime; that Watts waived all the rights guaranteed by a trial, except the right to effective assistance of counsel; and that Watts was not threatened, coerced, forced, intimidated, or influenced in any way.

¶5 Watts voluntarily pled guilty on December 18, 2014. During the colloquy the judge informed Watts of his right to remain silent, which Watts waived by answering questions. Watts informed the court he was of sound mind, not under the influence of any drugs or alcohol, was happy with his attorney's work and understood the maximum punishment for his crime as well as the fact he could receive consecutive sentences for violating his parole. Watts did not reserve his right to appeal any issue.

¶6 At the February 24, 2015 sentencing hearing Watt's counsel advised the court she intended to file a brief challenging his prior convictions and the constitutionality of Montana's PFMA statute. In her brief, counsel argued the Montana PFMA statute violated the Equal Protection Clause of the United States and Montana Constitutions. Watt's counsel also filed a motion requesting that the District Court dismiss the felony PFMA charge, reducing it to a misdemeanor. The District Court denied the motion based on an equal protection clause analysis and the severability of the alleged offending language. Watts appeals.

## STANDARD OF REVIEW

¶7 A ruling on a motion to dismiss in a criminal proceeding is a question of law, which we review de novo. *State v. Burns*, 2011 MT 167, ¶ 17, 361 Mont. 191, 256 P.3d 944. Whether a prior conviction may be used for sentence enhancement is generally a question of law, which the Court reviews de novo. *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64. The constitutionality of a statute is a question of law, which we review for correctness. *State v. Knudson*, 2007 MT 324, ¶ 12, 340 Mont. 167, 174 P.3d 469.

**DISCUSSION**

¶8      *Did the District Court err when it denied Watts' motion to dismiss his felony conviction of Partner Family Member Assault and reduce his charge to a misdemeanor at sentencing?*

¶9      Montana's long standing jurisprudence holds that "where a defendant voluntarily and knowingly pleads guilty to an offense, the plea constitutes a waiver of all non-jurisdictional defects and defenses, including claims of constitutional rights violations which occurred prior to the plea." *State v. Lindsey*, 2011 MT 46, ¶ 19, 359 Mont. 362, 249 P.3d 491; *State v. Pavey,* 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104; *State v. Kelsch,* 2008 MT 339, ¶ 8, 346 Mont. 260, 194 P.3d 670; *State v. Rytky*, 2006 MT 134, ¶ 7, 332 Mont. 364, 137 P.3d 530; *State v. Gordon*, 1999 MT 169, ¶ 23, 295 Mont. 183, 983 P.2d 377; *State v. Turcotte*, 164 Mont. 426, 524 P.2d 787 (1974).  A defendant may only attack the voluntary and intelligent character of the guilty plea and may not raise independent claims relating to prior deprivations of constitutional rights. *Gordon*, ¶ 23; *State v. Wheeler*, 285 Mont. 400, 948 P.2d 698 (1997); *State v. Hilton*, 183 Mont. 13, 597 P.2d 1171 (1979), *overruled on other grounds in State v. Deserly*, 2008 MT 242, 344 Mont. 468, 188 P.3d 1057 (After pleading guilty, a defendant is limited to attacking the voluntariness of the guilty plea and he may not raise independent claims relating to prior deprivations of constitutional rights.).

¶10     Watts argues that the PFMA statute at the time he was previously convicted was unconstitutional because it treated heterosexual and homosexual couples differently. Section 45-5-206, MCA (2003) (amended 2013).  Watts claims he preserved his right to appeal the denial of his motion to dismiss.  After a thorough review of the record, plea

4

agreement, and transcript, we cannot agree. The plea agreement, which was signed by Watts and his counsel and was presented to the District Court at the plea hearing, contains no language reserving the right to appeal after his guilty plea. The plea agreement specifically acknowledges that Watts waives his right to all appeals, except an appeal based on ineffective assistance of counsel. Watts has not preserved the right to challenge his conviction based on the constitutionality of the underlying statute. *See State v. Krebs*, 2016 MT 288, ¶ 6, 385 Mont 328, ___ P.3d ___. Moreover, Watts has not alleged any circumstances that would provide good cause for a withdraw of his guilty plea. *See* § 46-16-105(2), MCA.

¶11 Watts contends that this Court should review his claim under the *Lenihan* rule. *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979). The *Lenihan* rule allows "an appellate court to review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is made at the time of sentencing." *Lenihan*, 184 Mont. at 343, 602 P.2d at 1000.

¶12 Watts cites *State v. Ellis*, 2007 MT 210, 339 Mont. 14, 167 P.3d 896 and *State v. Strong*, 2009 MT 65, 349 Mont. 417, 203 P.3d 848, in support of his argument. In *Ellis*, the defendant challenged a condition of his sentence (repayment for court appointed counsel), arguing the sentencing statute itself, § 46-8-113, MCA, was unconstitutional. *Ellis*, ¶ 10. In *Strong*, the defendant challenged the sentencing statute as well, § 46-18-201, MCA, arguing the law provided different sentencing standards for adults and youths tried as adults. *Strong*, ¶ 8.

¶13 These cases are distinguishable. *Ellis* and *Strong* challenged the legality of their sentences and the sentencing statutes, while Watts attacks his conviction of a felony. Watts asks this Court to declare a former statute unconstitutional, apply that determination retroactively to his case, and then reduce his conviction to a misdemeanor. We decline to apply the *Lenihan* rule here. Watts specifically pled guilty to the felony and now seeks to challenge that conviction. *Ellis* and *Strong* are distinguishable because they did not challenge the underlying conviction but rather the sentence they received.

## CONCLUSION

¶14 Watts pled guilty and is not appealing his conviction based on a jurisdictional claim or other issue he properly preserved. Therefore, he can only challenge the voluntariness and intelligent character of his guilty plea. *Kelsch*, ¶ 8. He has not challenged his plea. Watts waived his right to appeal the constitutionality of the prior PFMA statute.

¶15 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JIM RICE

6