FILED

05/28/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0478

DA 22-0478

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 111N

STATE OF MONTANA

Plaintiff and Appellee,

v.

JOSIAH BRACKETT,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-20-495C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Rufus I. Peace, Peace Law Group, LLC,  Jacksonville, Florida

For Appellee:

Austin Knudsen, Montana Attorney General,  Roy Brown, Assistant
Attorney General, Helena, Montana

Audrey Cromwell, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  April 10, 2024

Decided:  May 28, 2024

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Josiah Brackett appeals an adverse ruling from the Eighteenth Judicial District Court, Gallatin County, on four counts of stalking, felonies, in violation of § 45-5-220, MCA.

¶3    We affirm.

¶4    The District Court issued a permanent protective order against Brackett on April 22, 2020, for repeated unwanted contacts with petitioner A.L.  Despite the protective order, his behavior directed at A.L. escalated.  Brackett continued contacting A.L. via social media by leaving likes, comments, messages, and making phone calls, even though A.L. had blocked at least nine different social media accounts for Brackett's persistent unwanted, offensive, and threatening communications.  A.L. later reported that, through the course of Brackett's conduct, she was "extraordinarily concerned for her wellbeing and safety" and was "afraid for her life."

¶5    On December 28, 2020, Brackett was charged by information with four counts of felony stalking for contacting A.L. on dozens of occasions between July and December 2020, all in violation of a protective order against him.  The District Court issued an arrest

warrant the same day, and Brackett was arrested in California, extradited to Montana, and incarcerated at the Gallatin County Detention Center (GCDC) upon his arrival.

¶6 In April 2021, Brackett was charged with three additional counts of stalking for attempting to contact A.L. directly from the GCDC.

¶7 Almost a year later, on March 3, 2022, Brackett signed a plea agreement with the State where he agreed to plead guilty to four counts of stalking and waive his right to appeal. In the agreement, Brackett affirmed he was waiving his "right to appeal [his] conviction," his right to "any factual dispute" regarding his guilt, and his "right to have the State prove each element of the offense(s) beyond a reasonable doubt." The State agreed to withdraw the other three stalking counts and recommended commitment to the Department of Health and Human Services (DPHHS) for five years on each count. At his allocution the following day, Brackett affirmed that he understood the consequences of pleading guilty, specifically including the rights detailed in the plea agreement, the consequences of his plea, and his satisfaction with his attorney. Further, the District Court and defense counsel had the following exchange:

> [DISTRICT COURT]: Do you believe [Brackett] understands the constitutional rights he's waiving today by pleading guilty to those four counts?
>
> [DEFENSE COUNSEL]: I believe he does. We've had some lengthy discussions about them and discussed them at length multiple times, and I do believe that he understand the rights he is waiving today.
>
> [COURT]: And do you believe he makes that waiver knowingly and voluntarily?
>
> [DEFENSE COUNSEL]: I do.

3

¶8 On June 30, 2022, the District Court sentenced Brackett to DPHHS for 18 years with 10 suspended.

¶9 On appeal, Brackett contends the stalking statute, § 45-5-220, MCA, is unconstitutional under *Counterman v. Colorado*, because the Montana statute requires only an objective *mens rea* element for stalking, where the First Amendment requires that a defendant have "some subjective understanding of the threatening nature of his statements." ___ U.S. ___, ___, 143 S. Ct. 2106, 2111 (2023). Brackett argues that *Counterman* should be applied retroactively; that § 45-5-220, MCA, should thus be ruled unconstitutional; and that his conviction should accordingly be vacated and his case remanded for a new trial.

¶10 We decline to consider the merits of Brackett's appeal, finding that he waived his right to challenge the conviction.

¶11 "Where a defendant voluntarily and knowingly pleads guilty to an offense, the plea constitutes a waiver of all non-jurisdictional defects and defenses, *including claims of constitutional rights violations which occurred prior to the plea*." *State v. Watts*, 2016 MT 331, ¶ 9, 386 Mont. 8, 385 P.3d 960 (citing *State v. Lindsey*, 2011 MT 46, ¶ 19, 359 Mont. 362, 249 P.3d 491) (emphasis added).

¶12 We affirmed the district court on the same issue in *Watts*. There, the defendant was charged with partner-family-member assault (PFMA) following four separate PFMA convictions. *Watts*, ¶ 4. The State filed a notice to classify the defendant as a persistent felony offender based on his prior PFMA convictions. *Watts*, ¶ 4. The defendant entered a plea agreement with the State where he agreed to plead guilty, and the State agreed to

withdraw the persistent felony offender notice. *Watts*, ¶ 4. Like Brackett here, the defendant waived his right to appeal the conviction. *Watts*, ¶ 10. Nevertheless, the defendant appealed, arguing the PFMA statute underlying his conviction was unconstitutional because it treated heterosexual and homosexual couples differently. *Watts*, ¶ 10. Citing Montana's "long standing jurisprudence" around the issue, we held that Watts failed to preserve his right to appeal the conviction and affirmed the district court. *Watts*, ¶ 10.

¶13 Brackett likewise alleges that he was charged under an unconstitutional statute. He does not dispute that the alleged as-applied constitutional violation occurred prior to entering the plea agreement, under which he waived his right to an appeal. Like the defendant in *Watts*, Brackett did not preserve "the right to challenge his conviction based on the constitutionality of the underlying statute." *Watts*, ¶ 10 (citing *State v. Krebs*, 2016 MT 288, ¶ 6, 385 Mont. 328, 384 P.3d 98).

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

5