FILED

10/15/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0212

DA 22-0212

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 232N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

LOUIS TED CAYE,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Second Judicial District,
In and For the County of Butte-Silver Bow, Cause No. DC-19-314
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, Carolyn Gibadlo, Assistant
Appellate Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana

          Eileen Joyce, Butte-Silver Bow County Attorney, Kelli Fivey, Deputy
County Attorney, Butte, Montana

Submitted on Briefs:  June 26, 2024

Decided:  October 15, 2024

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Louis Caye (Caye) appeals the December 22, 2021 Judgment and Order of Commitment entered by the Second Judicial District Court, Silver Bow County. Caye pled guilty to aggravated assault, a felony in violation of § 45-5-202, MCA, in accordance with his plea agreement with the State.

¶3    Caye now asserts on appeal that his constitutional right to be present at all critical stages of the proceeding was violated when he was not present at his omnibus hearing. We affirm.

¶4    On November 28, 2019, an altercation occurred between Caye and Tyler Griffin (Griffin). Caye and Griffin both allege different scenarios. Essentially, after the Dublin Bar closed around 2:00 a.m., Caye and Griffin got into a physical altercation. According to Caye, he had been walking past the bar and heard some people yelling. As he approached, the group confronted him, someone hit him, and he fell back. He tried to walk away, but the group of people would not let him, forcing him to use justifiable force in protecting himself from Griffin. Contrarily, according to Griffin, Caye came out of nowhere and started causing a commotion. Griffin tried to diffuse the situation, but Caye kept swinging at him. Griffin claims he thought Caye was scratching him at first until he

2

noticed he could not breathe and had blood coming from his throat. When police arrived, they found Caye with blood on his clothes and a box cutter in his pocket. Caye admitted to using a box cutter when he swiped at Griffin.

¶5 The State originally charged Caye with attempted deliberate homicide and criminal possession of drug paraphernalia on January 6, 2020. The court appointed Caye counsel and he entered not guilty pleas to the charges. The District Court set an omnibus hearing for February 13, 2020, and the order required counsel to be present but stated "[t]he Defendant is not required to appear unless requested by the Court or the parties."

¶6 Caye was not present at his omnibus hearing. He claims he waited in his jail cell on the day of the hearing, but no one transported him to the court. However, Caye's counsel was present at the hearing. At the hearing, the parties and court signed an omnibus hearing form that provided Caye's defense to be general denial, placing the burden on the State to prove the offense beyond a reasonable doubt. The form did not indicate Caye intended to present self-defense as an affirmative defense. The form stated that if the defense intended to rely on any other defenses, it needed to provide written notice of the defense within 10 days of the date of the omnibus form.

¶7 The District Court set a date for trial. Prior to the trial, Caye requested the court appoint him new counsel, asserting his current counsel had not kept him apprised of the proceedings to date nor the discovery for his upcoming trial. The District Court granted Caye's request and appointed new counsel. After Caye gained new counsel, he did not challenge any of the prior proceedings, including the omnibus hearing where he was not present nor attempt to modify the omnibus form to include a justifiable use of force defense.

3

Prior to the final pre-trial conference, Caye moved to set a change-of-plea hearing indicating he had reached a plea agreement with the State.

¶8    The change of plea hearing took place on September 30, 2021. Pursuant to the plea agreement, the State filed an Amended Information that charged Caye with aggravated assault by knowingly using a dangerous weapon in the commission of the offense, and Caye pleaded guilty to the amended charge. The District Court determined: Caye was aware he would be waiving his trial rights, factual defenses, and the right to appeal his conviction; Caye understood the court could impose any sentence allowed by statute; Caye was satisfied with his attorney's services; and Caye was competent to enter a plea. As such, the District Court accepted Caye's voluntary guilty plea.

¶9    The District Court sentenced Caye to 20 years with 10 suspended for the aggravated assault charge. For the weapon enhancement, the District Court sentenced Caye to 10 years to run consecutively to the assault sentence. Caye received credit for 749 days of time already served.

¶10    This Court reviews de novo alleged violations of a criminal defendant's right to be present at critical stages of the proceedings against him. *State v. Charlie*, 2010 MT 195, ¶ 21, 357 Mont. 355, 239 P.3d 934.

¶11    Caye argues he had a right to be present at his omnibus hearing so he could preserve his affirmative self-defense argument. Caye asserts his attorney at the time waived his ability to fight the charges against him by not listing his affirmative defense on the omnibus form. With his only defense foreclosed, Caye claims he could not have a fair trial, and it

was structural error[1] to exclude him from the omnibus hearing.  Caye requests this Court reverse his conviction.

¶12    The State argues Caye pled guilty to aggravated assault with a weapon, therefore he waived his ability to appeal his claim about the omnibus hearing.  When Caye voluntarily entered a guilty plea pursuant to the plea agreement, he waived all non-jurisdictional defects and defenses, including constitutional rights violations, that occurred prior to the plea negotiation.  Additionally, the State argues Caye raises the omnibus issue for the first time on appeal and fails to address why the Court should exercise plain error review of the issue.

¶13    After Caye received new counsel, he did not seek to amend or challenge the omnibus form or otherwise assert his intention to rely on a defense of justifiable use of force. Instead, he entered into a plea agreement with the State whereby the State would amend the charges from attempted deliberate homicide and criminal possession of drug paraphernalia to one count of aggravated assault and Caye would plead guilty to that offense and waive all non-jurisdictional challenges.  At the change-of-plea hearing, the District Court made sure Caye was aware of the rights he was waving, that he was competent enough to do so, and that he was knowingly and voluntarily choosing to enter a guilty plea.

---

[1] Structural error is one of two types of errors in the analysis of whether an error prejudiced a defendant's right to a fair trial.  Structural error is automatically reversible and affects the framework within the trial, rather than an error in trial process itself.  *State v. Van Kirk*, 2001 MT 184, ¶ 38, 306 Mont. 215, 32 P.3d 735.

¶14     Where a defendant voluntarily and knowingly pleads guilty to an offense, the plea constitutes a waiver of all non-jurisdictional defects and defenses, including claims of constitutional rights violations which occurred prior to the plea. *State v. Lindsey*, 2011 MT 46, ¶ 19, 359 Mont. 362, 249 P.3d 491. "A defendant may only attack the voluntary and intelligent character of the guilty plea and may not raise independent claims relating to prior deprivations of constitutional rights." *State v. Watts*, 2016 MT 331, ¶ 9, 386 Mont. 8, 385 P.3d 960. By entering into the plea agreement, Caye waived appeal related to his right to be present at the omnibus hearing. As such, we affirm.

¶15     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ INGRID GUSTAFSON

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

6