FILED

01/22/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0250

DA 23-0250

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 11

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

RONALD L. GOLAS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC-2021-48
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Gregory D. Birdsong, Birdsong Law Office, Santa Fe, New Mexico

      For Appellee:

          Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

          Steve Haddon, Jefferson County Attorney, Andrew W. Paul, Chief Deputy County Attorney, Boulder, Montana

Submitted on Briefs:  December 4, 2024

Decided:  January 22, 2025

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Ronald L. Golas (Golas) appeals the November 9, 2022 Order on Defendant's Motion to Dismiss and the subsequent Judgment entered pursuant to his plea agreement and guilty plea in the Fifth Judicial District Court, Jefferson County. Because we conclude that Golas failed to preserve his right to appeal the denial of his motion to dismiss, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 On September 22, 2021, Golas was charged by Information with driving while under the influence of alcohol (fourth or subsequent offense), a felony; operating a motor vehicle while the privilege to do so was suspended, a misdemeanor; and failure to carry proof of insurance (second offense), a misdemeanor. The charges were based on a one-vehicle crash a week earlier where Golas high-centered a Jeep on a rock. The responding Trooper observed an open can of beer in the center console and a box of beer behind the driver's seat, and could smell alcohol on Golas's breath. Golas performed poorly on field sobriety tests and his preliminary breath test showed an alcohol concentration of .262. The Trooper learned that Golas had at least three prior DUI convictions and a suspended driver's license. Golas could not provide proof of insurance.

¶3 Golas pleaded not guilty at his arraignment and was released on bail, which included the conditions that he not consume or possess alcohol and that he participate in the 24/7 Sobriety Program or alcohol monitoring. A jury trial was set for March 16, 2022. On March 2, 2022, Golas failed to appear at the first final pretrial conference. On March 8,

based on several positive tests for alcohol and failures to appear for scheduled testing, the Jefferson County Attorney moved to revoke Golas's release, set new bail at $50,000, issue an arrest warrant, and set the matter for hearing. An e-signed bench warrant was issued that day, though Golas claimed to be unaware of the warrant and there is no return of service in the record.

¶4 The trial date was repeatedly reset over the next several months. The first was at defense counsel's request during a March 23 status hearing. Then, at the second final pretrial conference on June 29, the State advised the Court that it had not yet made a plea offer, so the date was again vacated and reset. At the third final pretrial conference on August 31, the parties confirmed that a plea offer had been made and rejected by Golas. Golas confirmed his desire for a jury trial, and the District Court began settling pretrial matters before the State reminded the District Court of its motion to revoke an active warrant. The District Court stated that it would not let Golas confirm trial with an outstanding warrant but conditioned that the trial date could stand so long as Golas turned himself in or otherwise resolved the issue with the State before noon the next day. Golas failed to do so, and the District Court vacated the trial date.

¶5 On September 14, the District Court issued a new bench warrant and Golas was taken into custody shortly afterwards. He requested a new trial date which was set for November 17. On October 4, Golas filed a motion to dismiss for lack of speedy trial. The State "advised that there [were] issues with the trial as set," and it was continued again

3

until December 21. Golas's speedy trial motion was denied on November 9. At the November 30 fifth final pretrial conference, Golas requested a change-of-plea hearing.

¶6 Finally, on January 11, 2023, Golas appeared before the District Court with a signed Acknowledgement and Change of Plea. The plea agreement provided that Golas would plead guilty to the felony DUI in exchange for the State's dismissal of the other two charges. The parties agreed to recommend a sentence of 13 months in the Department of Corrections (DOC) followed by a consecutive 5-year term in the Montana State Prison. Golas reserved the right "to argue for credit for incarceration prior to conviction for mandatory, statutory fines" under § 46-18-403(2), MCA. The plea agreement did not include any other reservations. The District Court sentenced Golas to 24 months in the DOC and a 5-year consecutive term in the Montana State Prison suspended with conditions. The judgment was later amended to reflect additional time served.

¶7 Golas argues on appeal that the District Court erred in denying his motion to dismiss for lack of speedy trial.

## STANDARD OF REVIEW

¶8 A district court's ruling on a motion to dismiss in a criminal proceeding is a question of law which we review de novo. *State v. Watts*, 2016 MT 331, ¶ 7, 386 Mont. 8, 385 P.3d 960 (citing *State v. Burns*, 2011 MT 167, ¶ 17, 361 Mont. 191, 256 P.3d 944).

## DISCUSSION

¶9 This Court has consistently held that where a defendant voluntarily and knowingly pleads guilty to an offense, the plea constitutes a waiver of "all non-jurisdictional defects

4

and defenses, including claims of constitutional rights violations which occurred prior to the plea." *State v. Lindsey*, 2011 MT 46, ¶ 19, 359 Mont. 362, 249 P.3d 491; *see also Watts*, ¶ 9; *State v. Westfall*, 2024 MT 99, ¶ 17, 416 Mont. 366, 548 P.3d 400; *State v. Spreadbury*, 2011 MT 176, ¶ 11, 361 Mont. 253, 257 P.3d 392; *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104; *State v. Violette*, 2009 MT 19, ¶ 16, 349 Mont. 81, 201 P.3d 804; *State v. Kelsch*, 2008 MT 339, ¶ 8, 346 Mont. 260, 194 P.3d 670; *State v. Rytky*, 2006 MT 134, ¶ 7, 332 Mont. 364, 137 P.3d 530; *State v. Gordon*, 1999 MT 169, ¶ 23, 295 Mont. 183, 983 P.2d 377; *State v. Turcotte*, 164 Mont. 426, 428, 524 P.2d 787, 788-89 (1974).[1]

¶10   However, § 46-12-204(3), MCA, allows a defendant to reserve the right to appeal "the adverse determination of any specified pretrial motion" with the approval of the court and the consent of the prosecutor.  Thus, after a defendant has pleaded guilty, they may attack only (1) the voluntary and intelligent nature of the plea; (2) any jurisdictional defects; and (3) any adverse pretrial rulings that the defendant has specifically reserved the right to appeal.  *Violette*, ¶ 16.

¶11   Golas asserts that he "neither preserved nor waived his right to appeal pretrial decisions by the [D]istrict [C]ourt in either the plea agreement or in at [sic] the hearing." This is an incorrect premise.  By failing to specifically reserve the right to appeal the District Court's decision on his speedy trial motion pursuant to § 46-12-204(3), MCA, and

---

[1] The State cites to *State v. Carnes*, 2024 MT 101, 416 Mont. 389, 548 P.3d 415, as additional recent authority on the post-plea preservation of constitutional arguments.  *Carnes* was a plurality opinion and, though published, does not carry precedential weight on this point.

subsequently pleading guilty, Golas did waive his right to appeal that issue. *See Pavey*, ¶ 12 ("The language of the statute . . . clearly indicates that a claim must be specifically *reserved* in order to be appealable, not that a claim is automatically appealable unless it is expressly *waived*." (emphasis in original)).

¶12 In his Reply Brief, Golas asserts for the first time that his waiver was not voluntary because "it is highly unlikely [he] was fully aware—based on either the plea agreement or the colloquy of the [D]istrict [C]ourt—of the direct consequences of his plea on his right to appeal." This argument is belied by the record. Firstly, the right to appeal or waiver thereof is not one of the rights of which a defendant must be informed before the court accepts a guilty plea. Section 46-12-210(1), MCA; *see State v. Otto*, 2012 MT 199, ¶ 18, 366 Mont. 209, 285 P.3d 583; *State v. Peterson*, 2013 MT 329, ¶ 28, 372 Mont. 382, 314 P.3d 227. Even so, at Golas's change-of-plea hearing, the District Court specifically stated that Golas had a right to a "fair, speedy, and impartial trial by jury." Golas confirmed that he understood the plea agreement and his attorney indicated his satisfaction that Golas understood his rights. Golas confirmed that he was not under the influence of drugs, alcohol, or prescription medication. There is nothing in the record to suggest that Golas's plea was in any way involuntary or unintelligent.

¶13 Golas does not assert any jurisdictional defects. Having found that Golas's plea was made voluntarily and intelligently and that he did not statutorily reserve his right to appeal the denial of his motion to dismiss for lack of speedy trial, we decline to reach the merits of his speedy trial argument.

**CONCLUSION**

¶14   Golas failed to preserve for appeal the District Court's denial of his motion to dismiss for lack of speedy trial.  The District Court is affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE