JUSTICE BAKER
delivered the Opinion of the Court.
*472 ¶1 Donald Theeler physically assaulted his girlfriend, causing her numerous injuries. He sought to dismiss his Partner or Family Member Assault (PFMA) charge on the ground that the statute under which he was charged violated his right to equal protection because it did not apply to persons in same-sex intimate relationships. The Eleventh Judicial District Court upheld the Justice Court’s denial of his motion.
¶2 We affirm.
PROCEDURAL AND FACTUAL BACKGROUND
¶3 In September 2012, Theeler was arrested after his girlfriend reported that he had “been beating on her all night.” The State charged Theeler in Flathead County Justice Court with PFMA pursuant to § 45-5-206, MCA (2011). At that time, the statute defined “partners,” in part, as “persons who have been or are currently in a dating or ongoing intimate relationship with a person of the opposite sex.” Section 45-5-206(2)(b) (2011). In 2013, the Legislature struck “with a person of the opposite sex” from the definition of “partners.” 2013 Mont. Laws 803, 804.[1]
¶4 Theeler filed a motion to dismiss the PFMA charge. He argued that § 45-5-206, MCA, violated his right to equal protection under the United States and Montana constitutions because the statute treated similarly-situated individuals unequally. The Justice Court denied the motion, reasoning that there was “not a difference in treatment under the law for equal protection purposes.” The Justice Court found Theeler guilty. He appealed to the District Court. The District Court concluded that the Justice Court correctly analyzed Theeler’s equal protection claim and therefore affirmed its denial of Theeler’s motion to dismiss. Theeler appeals.
STANDARDS OF REVIEW
¶5 We review cases that originate in justice court and are appealed to district court as if the appeal originally had been filed in this Court. State v. Kebble, 2015 MT 195, ¶ 14, 380 Mont. 69, 353 P.3d 1175. Accordingly, we undertake an independent examination of the record apart from the district court’s decision. Kebble, ¶ 14.
¶6 We review de novo a trial court’s decision on a motion to dismiss. State v. Kant, 2016 MT 42, ¶ 11, 382 Mont. 239, 367 P.3d 726. Our *473 review of constitutional questions is plenary. State v. Covington, 2012 MT 31, ¶ 13, 364 Mont. 118, 272 P.3d 43. We may uphold a judgment on any basis supported by the record, even if the lower court applied a different rationale. Rooney v. City of Cut Bank, 2012 MT 149, ¶ 25, 365 Mont. 375, 286 P.3d 241.
DISCUSSION
¶7 Whether Theeler was entitled to dismissal of the PFMA charge because the statute violated his constitutional right to equal protection.
¶8 The Justice Court reasoned that § 45-5-206, MCA, did not violate Theeler’s right to equal protection because the statute does not treat similarly-situated individuals unequally. The District Court affirmed the Justice Court’s interpretation of the statute.
¶9 On appeal, Theeler asserts that § 45-5-206, MCA, “by its plain terms,” discriminates between similarly-situated individuals in opposite-sex and same-sex relationships. Such a discriminatory classification, Theeler contends, violates the equal protection clauses of the United States and Montana constitutions. Theeler argues that the statute fails even rational basis review because the classification—sexual orientation—is not rationally related to the statute’s primary purposes—to protect victims of domestic violence and to punish abusers.
¶10 Theeler acknowledges that he was not in a same-sex relationship, but points out that the statute exposes him to greater punishment than a same-sex abuser would face if charged with simple assault. Theeler argues that the statute facially discriminates against similarly-situated classes without justification. He relies, in part, on our decisions in Snetsinger v. Montana University System, 2004 MT 390, 325 Mont. 148, 104 P.3d 445, and Gryczan v. State, 283 Mont. 433, 942 P.2d 112 (1997), and on the United States Supreme Court’s decisions in Lawrence v. Texas, 539 U.S. 558, 123 S. Ct. 2472 (2003), Obergefell v. Hodges, _ U.S. _, 135 S. Ct. 2584 (2015), and United States v. Windsor, _ U.S. _, 133 S. Ct. 2675 (2013), to support his position. He also cites empirical evidence showing similar or higher incidence of domestic violence among same-sex partners as among heterosexual partners. Because the statute unconstitutionally violates his right to equal protection, Theeler argues that his conviction must be reversed.
¶11 For purposes of Theeler’s appeal, and based upon the cited authorities, we accept his argument that the former version of § 45-5-206, MCA, under which he was charged violated equal protection by defining “partners” as “persons who have been or are currently in a dating or ongoing intimate relationship with a person of the opposite *474 sex.” It does not necessarily follow, however, that Theeler’s PFMA conviction cannot stand.
¶12 Whenever possible, we attempt to “construe statutes in a manner that avoids unconstitutional interpretation.” Williams v. Bd. of Cnty. Comm’rs, 2013 MT 243, ¶ 64, 371 Mont. 356, 308 P.3d 88. So, if a statute “contains both constitutional and unconstitutional provisions, we examine the legislation to determine if there is a severability clause.” Williams, ¶ 64; accord United States v. Jackson, 390 U.S. 570, 585, 88 S. Ct. 1209, 1218 (1968) (applying severability in a criminal case and concluding that the “unconstitutionality of a part of an Act does not necessarily defeat... the validity of its remaining provisions”) (citation and internal quotations omitted). “The inclusion of a severability clause in a statute is an indication that the drafters desired a policy of judicial severability to apply to the enactment.” Williams, ¶ 64. If a statute does not contain a severability clause, we still may sever an unconstitutional provision. Williams, ¶ 64. In doing so, we “must determine whether the unconstitutional provisions are necessary for the integrity of the law or were an inducement for its enactment.” Williams, ¶ 64 (citation and internal quotations omitted). In order to sever an unconstitutional provision, “the remainder of the statute must be complete in itself and capable of being executed in accordance with the apparent legislative intent.” Williams, ¶ 64. That is, if severing “the offending provisions will not frustrate the purpose or disrupt the integrity of the law, we will strike only those provisions of the statute that are unconstitutional.” Williams, ¶ 64. We have long held that “[i]f an invalid part of a statute is severable from the rest, the portion which is constitutional may stand while that which is unconstitutional is stricken out and rejected.” Sheehy v. Public Employees Retirement Div., 262 Mont. 129, 141, 864 P.2d 762, 770 (1993); Mont. Auto. Ass’n v. Greely, 193 Mont. 378, 399, 632 P.2d 300, 311 (1981).
¶13 Here, the statute as originally enacted contained a severability clause. 1985 Mont. Laws 1575, 1577. A 1995 bill that partially amended the statute’s definition of “partners” also included a severability clause. 1995 Mont. Laws 1108, 1128. These severability clauses indicate that the Legislature “desired a policy of judicial severability to apply to the enactment” of § 45-5-206, MCA. Williams, ¶ 64.
¶14 With or without severability clauses in each amendment since the statute’s enactment, we conclude that the unconstitutional provision is unnecessary “for the integrity of the law.” Williams, ¶ 64. It is undisputed that the purpose of § 45-5-206, MCA, is to protect victims *475 of domestic violence and to punish and rehabilitate abusers. Severing the phrase “with a person of the opposite sex” from § 45-5-206(2)(b), MCA—as the Legislature did in 2013—“will not frustrate the purpose or disrupt the integrity of the law.” Williams, ¶ 64. Further, severing the unconstitutional provision so as to construe the statute “in a manner that avoids unconstitutional interpretation” leaves the “remainder of the statute . . . complete in itself and capable of being executed in accordance with the apparent legislative intent.” Williams, ¶ 64. The statute still would protect victims of domestic violence and provide for the punishment and rehabilitation of abusers.
¶15 We reject Theeler’s claims to the contrary. We are not persuaded by his argument that severing the offending provision violates his right to due process. As a heterosexual male, Theeler received every constitutional protection he was due when prosecuted for physically assaulting his female partner. We conclude that Theeler was not entitled to dismissal of his PFMA charge. Accordingly, even though we do so applying a different rationale, we conclude that the Justice Court and the District Court correctly denied Theeler’s motion to dismiss.
CONCLUSION
¶16 We affirm Theeler’s PFMA conviction.
CHIEF JUSTICE McGRATH, JUSTICES WHEAT, SHEA, COTTER and RICE concur.

 Unless otherwise noted, all subsequent citations to § 45-5-206, MCA, in this Opinion refer to the 2011 version of the statute.