FILED

07/18/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0702

DA 15-0702

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2017 MT 177

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

FRANCO LEO TORRES,

      Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis And Clark, Cause No. CDC 2008-211
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Chief Appellate Defender, Moses Okeyo, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Madison L. Mattioli, Assistant
Attorney General, Helena, Montana

          Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

Submitted on Briefs: May 24, 2017

Decided: July 18, 2017

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Appellant, Franco Leo Torres (Torres), appeals the orders of the First Judicial District Court, Lewis and Clark County, which denied his motion to set aside a prior felony conviction, and revoked his suspended sentence. We affirm and restate the issue as follows:

¶2    *Did the District Court err by revoking Torres' suspended sentence?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    In 2008, Torres pled guilty to felony Partner or Family Member Assault (PFMA) and received a three-year deferred sentence. In January 2009, Torres' sentence was revoked and he was sentenced to the Department of Corrections (DOC) for five years, with two years suspended. After serving three years, Torres was released in January 2012 to serve the suspended portion of his sentence.

¶4    In August 2013, while serving his suspended sentence, Torres was arrested for felony PFMA in Yellowstone County. Citing this charge and alleging other probation violations, the Lewis and Clark County Attorney's Office filed a second petition for revocation of Torres' sentence. Torres denied the allegations of the petition and filed a motion to set aside his 2008 PFMA conviction, arguing the pre-2013 PFMA statute was unconstitutional as violating the equal protection provisions of the Montana and United States Constitutions. The District Court denied Torres' motion to set aside his previous conviction, and Torres admitted to the violations set forth in the petition to revoke. He

2

received a two-year sentence to the DOC, which was ordered to run concurrently with the sentence imposed by the Yellowstone County District Court for Torres' 2013 PFMA.

¶5 Torres appeals the District Court's denial of his motion to set aside the 2008 PFMA conviction and revocation of his suspended sentence.

## STANDARD OF REVIEW

¶6 We review a district court's revocation of a suspended sentence for abuse of discretion and to determine whether the court's decision was supported by a preponderance of the evidence. *State v. Muhammad*, 2002 MT 47, ¶ 17, 301 Mont. 1, 43 P.3d 318; *State v. Adams*, 2013 MT 189, ¶ 11, 371 Mont. 23, 305 P.3d 808. Further, we review a district court's conclusions of law for correctness. *In re M.W.*, 2012 MT 44, ¶ 9, 364 Mont. 211, 272 P.3d 112; *State v. Knudson*, 2007 MT 324, ¶ 11, 340 Mont. 167, 174 P.3d 469.

## DISCUSSION

¶7 *Did the District Court err by revoking Torres' suspended sentence?*

¶8 Torres argues a revocation proceeding "is as good a venue as any to allege illegality of an imposed sentence for the underlying offense." He presents a constitutionally-based challenge to his 2008 PFMA conviction, arguing that such "collateral challenges" to prior convictions are permissible pursuant to *State v. Maine*, 2011 MT 90, 360 Mont. 182, 255 P.3d 64. Alternatively, recognizing that we were, in his words, "disinclined to consider [] the unconstitutionality" of the PFMA statute in *State v. Watts*, 2016 MT 331, 286 Mont. 8, 385 P.3d 960, because the issue had not been preserved, Torres asks that we review his challenge pursuant to *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979), or the plain

3

error doctrine. Turning to the merits of his challenge, Torres cites our decision in *State v. Theeler*, 2016 MT 318, 385 Mont. 471, 385 P.3d 551, which recognized that the former version of § 45-5-206, MCA, violated equal protection, but criticizes what he describes as the "patch-fix" remedy of severance we adopted there. *See Theeler*, ¶ 14 (severing the phrase "with a person of the opposite sex" from § 45-5-206(2)(b), MCA). He argues the statute constitutes an unconstitutional "felony enhancement" and should be completely invalidated.

¶9 Torres' numerous arguments are wrapped around the proverbial and procedural axle. First, this is a sentence revocation proceeding on Torres' original 2008 PFMA conviction, the sentence he is still serving. Although Torres claims to be raising a "collateral challenge" to a prior conviction, of the nature addressed in *Maine*, to prevent a felony "enhancement," that is not the situation here. *Maine* addressed challenges to "a prior conviction offered for enhancement purposes." *Maine*, ¶ 32. Unlike *Maine*, no prior conviction is being offered to enhance a new charge in this proceeding, which concerns only the sentence for the original 2008 PFMA conviction. Torres' arguments under *Maine* could be pursued in a subsequent criminal proceeding in which the State seeks to use his 2008 conviction to enhance a new charge, but not within a revocation proceeding on Torres' original conviction. In a sentence revocation proceeding, the conviction is not at issue.

¶10 Torres' argument that a revocation proceeding "is as good a venue as any to allege illegality of an imposed sentence for the underlying offense," runs counter to longstanding

4

precedent. In *Muhammad*, ¶ 22, we held that we were "without jurisdiction to review the legality" of Muhammad's original sentence in a revocation proceeding, where Muhammad had not challenged his original sentence by appeal.[1] Likewise, in *State v. White*, 2008 MT 464, ¶ 20, 348 Mont. 196, 199 P.3d 274 (overruled in part on other grounds by *State v. Tirey*, 2010 MT 283, ¶ 27, 358 Mont. 510, 247 P.3d 701), we held that "White may not, within the context of the [2007] revocation proceeding, challenge the legality of the conditions imposed on her 1997 suspended sentence, as such a challenge is untimely."). In *In re M.W.*, ¶ 12, we concluded that "M.W. did not appeal from the order imposing the registration requirement entered by the Youth Court in July 2009. . . . [T]he challenge he now attempts to make to the original imposition of the requirement has been forfeited." *See also Adams*, ¶ 17 ("Adams did not challenge the 2007 Sentence until the State filed a petition to revoke in 2012, and his challenge is untimely."). As recognized by the federal courts, "a supervised release revocation proceeding is not the proper forum for a collateral attack on the conviction or sentence that resulted in the term of supervised release." *United States v. Warren*, 335 F.3d 76, 77 (2nd Cir. 2003). Torres is improperly attempting to "collaterally" attack his 2008 PFMA conviction within a sentence revocation proceeding involving that same conviction. Essentially, Torres seeks a second chance to appeal and raise issues he failed to raise when he did not appeal from his conviction.

---

[1] We have subsequently clarified the meaning and use of the term "jurisdiction." *State v. Garrymore*, 2006 MT 245, ¶ 10 n.1, 334 Mont. 1, 145 P.3d 946.

¶11 The State argues, regardless of whether Torres could challenge his conviction in a revocation proceeding, he previously waived his constitutional challenge to the PFMA statute in 2008 when he voluntarily pled guilty, citing *Watts*. In *Watts*, the defendant pled guilty to PFMA pursuant to a plea agreement, which did not preserve a right to challenge his conviction, and affirmatively stated he was waiving his appeal rights. *Watts*, ¶ 10. We held that "Watts has not preserved the right to challenge his conviction based on the constitutionality of the underlying statute." *Watts*, ¶ 10. Watts was premised on a long line of authority holding the knowing and voluntary entry of a guilty plea waives all non-jurisdictional defects and defenses, including claims of constitutional rights violations which occurred prior to the plea. *Watts*, ¶ 9; *see also State v. Lindsey*, 2011 MT 46, ¶ 19, 359 Mont. 362, 249 P.3d 491; *State v. Pavey*, 2010 MT 104, ¶ 11, 356 Mont. 248, 231 P.3d 1104; *State v. Kelsch*, 2008 MT 339, ¶ 8, 346 Mont. 260, 194 P.3d 670; *State v. Rytky*, 2006 MT 134, ¶ 7, 332 Mont. 364, 137 P.3d 530; *State v. Gordon*, 1999 MT 169, ¶ 23, 295 Mont. 183, 983 P.2d 377; *State v. Turcotte*, 164 Mont. 426, 428, 524 P.2d 787, 788-89 (1974).

¶12 As in *Watts*, Torres forfeited his constitutional challenge of the PFMA statute when he pled guilty, in 2008, and, consistent therewith, we decline to review the matter pursuant to *Lenihan* or the plain error doctrine.

¶13 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA