FILED

04/21/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0089

DA 19-0089

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2020 MT 97N

BILLY JOE WATTS,

      Petitioner and Appellant,

  v.

STATE OF MONTANA,

      Respondent and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV 18-171
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Billy Joe Watts, Self-represented, Shelby, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant
Attorney General, Helena, Montana

      Leo Gallagher, Lewis and Clark County Attorney, Helena, Montana

      Submitted on Briefs:  October 16, 2019

      Decided:  April 21, 2020

Filed:

                        _____

                                Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Billy Joe Watts (Watts) appeals the judgment of the Montana First Judicial District Court, Lewis and Clark County, denying his petition for postconviction relief. We affirm.

¶3 In March 2018, Watts' sought postconviction relief regarding two separate cases involving convictions for Partner or Family Member Assault (PFMA)—a 2012 conviction and a 2015 conviction. In the 2012 case, he pled guilty to fourth offense PFMA and was sentenced to a suspended five-year prison term.[1] A 2003 conviction was one of the predicate prior convictions for the felony PFMA. While awaiting disposition on the State's revocation petition after admitting to alleged probation violations, Watts moved the District Court to set aside his original 2012 conviction "due to previous infirm convictions." After denying that motion, the District Court revoked his original suspended sentence and resentenced him to an unsuspended five-year prison term with credit for time served. Watts later timely appealed the 2015 revocation and resentencing on his original 2012 conviction.

---

[1] Watts timely appealed the original 2012 conviction, but we later dismissed the appeal on his unopposed motion in favor of pursuit of a motion to withdraw his guilty plea in district court. *State v. Watts*, DA 13-0090, Or. (Mont. July 18, 2013).

However, by subsequent stipulation signed by client and counsel, he stipulated to the dismissal of the balance of the appeal "with prejudice" in return for the State's stipulation for remand for entry of an amended judgment of conviction reflecting the correct amount of time served. Pursuant to the parties' stipulated motion, we remanded for entry of an amended judgment and dismissed the appeal without qualification.[2]

¶4 In the second case, Watts pled guilty to a fifth offense PFMA committed while he was still on probation for his 2012 conviction. With the assistance of counsel, he pled guilty under a plea agreement in return, *inter alia*, for the State's abandonment of its intent to seek a persistent felony offender enhancement of the maximum penalty based on his prior PFMA conviction in 2012. However, based on the fact that the pre-2013 versions of § 45-5-206, MCA, defined PFMA in terms of proscribed conduct directed at a partner "of the opposite sex," Watts asserted at sentencing that his prior PFMA convictions were constitutionally invalid in violation of the equal protection guarantees of the United States and Montana Constitutions. *State v. Watts* (*Watts I*), 2016 MT 331, ¶¶ 4-6, 386 Mont. 8, 385 P.3d 960. He thus moved for dismissal of the resulting felony based on the alleged invalid prior convictions, which would thereby leave him guilty of only a misdemeanor PFMA. *Watts I*, ¶ 6. However, based on a severability clause in the PFMA statute, the District Court rejected his constitutional challenge to the prior convictions and sentenced Watts to an additional five-year prison term on the fifth offense PFMA. *Watts I*, ¶¶ 6, 10. On appeal, we affirmed on the ground that Watts waived the right to challenge the

---

[2] *State v. Watts*, DA 15-0628, Or. (Mont. Jan. 10, 2017).

3

constitutional validity of his prior convictions by failing to preserve the right to appeal in his plea agreement. *Watts I*, ¶¶ 10, 14. We held further that the limited exception to the plea waiver rule under *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979) (in re sentences illegal or in excess of statutory mandate), did not apply to non-jurisdictional challenges to the underlying conviction. *Watts I*, ¶¶ 11-15.

¶5 In March 2018, Watts responded with an assisted pro se petition[3] for postconviction relief asserting that he received ineffective assistance (IAC) from both his trial and appellate counsel regarding the 2014-2015 proceedings on his 2012 and 2015 PFMA convictions. In various regards, he asserted that he was deprived of his federal and state constitutional rights to effective assistance of counsel by the failures of counsel to timely inform him and preserve his equal protection challenge to the validity of the predicate prior PFMA convictions for his 2015 felony conviction. As before, Watts asserted that, by narrowly defining PFMA in terms of conduct directed at a partner "of the opposite sex," the pre-2013 versions of § 45-5-206, MCA, disparately applied only to heterosexual couples, thereby subjecting heterosexual partner abusers (like him) to a criminal penalty to which it did not subject same-sex partner abusers for the same conduct.

¶6 On various procedural and substantive grounds, the District Court denied Watts' petition without a hearing. The court first concluded that any record-based IAC claim regarding the 2014-2015 proceedings on his 2012 PFMA conviction was procedurally

---

[3] See M. R. Pro. Cond. 1.2(c) (limited representation).

barred by § 46-21-105(2), MCA, due to failure to raise it on direct appeal. The court further concluded that any non-record-based claim regarding those proceedings were similarly barred by § 46-21-102(1), MCA, due to failure to timely raise it within one year of the date when the judgment became final on January 10, 2017. The court finally concluded that Watts' IAC claims regarding proceedings on his 2015 conviction were substantively deficient because the petition did not state sufficient facts or law to establish the requisite prejudice prong of an IAC claim in light of *State v. Theeler*, 2016 MT 318, ¶¶ 14-15, 385 Mont. 471, 385 P.3d 551 (rejecting similar equal protection challenge to pre-2013 PFMA statute by heterosexual offender on ground that severance clause saved it even if assumed to unconstitutionally discriminate between heterosexual and same-sex offenders). We agree with the District Court.

¶7 An IAC claimant has the burden of demonstrating that the subject performance of counsel was both deficient (i.e., "below an objective standard of reasonableness" under the totality of the circumstances) and prejudicial (i.e., that it was reasonably likely that the outcome would have been different but for the deficient performance). *Ariegwe v. State*, 2012 MT 166, ¶¶ 15-16; 365 Mont. 505, 285 P.3d 424; *Heath v. State*, 2009 MT 7, ¶ 17, 348 Mont. 361, 202 P.3d 118; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Upon our review of the petition, the pertinent record, and the subject judgment in this case, we hold that the District Court correctly denied Watts' petition for postconviction relief on the stated procedural and substantive grounds without a hearing

5

pursuant to § 46-21-201(1)(a), MCA (permissible dismissal without hearing if petition conclusively shows no entitlement to relief). We affirm.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE