

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0423 and OP 23-0424

SILAS J. CORPRON,

      Petitioner,

v.

JAMES SALMONSEN, Warden,

      Respondent.

O R D E R

FILED

SEP 2 6 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

This Court previously consolidated these original proceedings filed by Petitioner Silas J. Corpron, and entered an order granting Respondent time to respond, and the Attorney General has filed a consolidated response. Corpron challenges the amount of credit for time served he received in sentences he received from the First Judicial District Court and the Fifth Judicial District Court. The State's position is that Corpron is entitled to limited relief regarding one of his recent sentences upon revocation.

The State provides a detailed history about Corpron's sentences from the two District Courts. In November 2018, the State of Montana charged Corpron with multiple felonies and misdemeanors, committed on October 28, 2018, in the Fifth Judicial District Court, Jefferson County. On April 17, 2019, Corpron entered a guilty plea to the amended charge of felony criminal endangerment. The Jefferson County District Court sentenced Corpron on October 30, 2019, and imposed a five-year commitment to the Department of Corrections (DOC) with two years suspended. The court awarded 171 days of credit for jail time served from October 28, 2018, the date of his arrest, to April 17, 2019 (Jefferson County sentence).

On November 19, 2020, Corpron entered guilty pleas to three alleged violations of an order of protection, the third of which was a felony offense, in the First Judicial District Court, Lewis and Clark County. The violations occurred over different days in June 2019.

The court dismissed a stalking charge. The court sentenced Corpron on December 3, 2020, imposing two consecutive six-month jail terms for the misdemeanor violations. For the felony violation, the court imposed a consecutive, two-year suspended term to the DOC with all but ten days suspended (Lewis and Clark County suspended sentence). The Lewis and Clark County suspended sentence ran concurrently with his suspended term of the Jefferson County sentence. The court awarded 81 days of time served as follows: June 25, 2019 to August 14, 2019 (50 days) and September 30, 2019 to October 31, 2019 (31 days) with ten days applied to the mandatory fines of $700.

Corpron discharged his Jefferson County sentence on May 11, 2022, and began serving his probationary term for both the Jefferson County sentence and Lewis and Clark County suspended sentence. Corpron violated his probationary conditions, and his Probation Officer arrested him on February 10, 2023. Corpron was not served with a bench warrant until February 28, 2023, at the Lewis and Clark County Detention Center.

On April 12, 2023, the Jefferson County District Court revoked Corpon's Jefferson County sentence and imposed a DOC commitment of two years (Jefferson County sentence upon revocation). The District Court awarded total credit of 195 days, including 43 days of jail time from February 28, 2023 to April 12, 2023, as well as street time credit of 152 days due to the violations listed in the Report of Violation.

On April 27, 2023, the Lewis and Clark County District sentenced Corpron after revoking his suspended sentence in March. The court imposed a two-year sentence to the DOC, to run concurrently with the Jefferson County sentence upon revocation (Lewis and Clark County sentence upon revocation). The court awarded 145 days for jail time served that included 70 days from 2020 and 75 days from February 10, 2023 to April 26, 2023. The court also awarded 152 days of street time credit from July 1, 2022 to November 30, 2022.

Corpron contends that he is due "the full amount of time served for the dates listed . . . ." He states that he "should have received credit for everyday for both" criminal cases, "both out of Lewis and Clark County and Jefferson County." Citing to § 46-18-201(9), MCA, Corpron argues the credit determination is based solely on the record of the offense

2

for which the defendant is being sentenced and does not require determination by the court as to whether the defendant is also being held on another matter . . . ." Corpron provides the dates for credit for time served but no written sentencing judgments. In both Petitions, he states that he was held on October 28, 2018 to April 17, 2019, June 25, 2019 to August 14, 2019, and September 30, 2019 to February 12, 2021.

The State notes that Corpron is not clear about whether he challenges his original sentences or his sentences upon revocation, but argues he is not due all the credit for time served as he claims. The State submits that Corpron cannot challenge his original judgments for the Jefferson County sentence or the Lewis and Clark County suspended sentence because he did not appeal those convictions or sentences. *See State v. Torres*, 2017 MT 177, ¶ 10, 388 Mont. 161, 398 P.3d 279 (this Court cannot reach back and review an original judgment and sentence during a postconviction proceeding when not appealed initially). *See also* § 46-22-101(2), MCA (a petitioner for habeas corpus relief exhausts the remedy of appeal by not appealing). The State contends Corpron received the correct credit for time served in the Jefferson County sentence and the Lewis and Clark County suspended sentence.

Turning to Corpron's sentences upon revocation, the State argues no error exists with the Lewis and Clark County sentence upon revocation, explaining that credit for time served cannot be added together, or aggregated, or applied to sentences that have not yet been imposed. However, citing to § 46-18-203(7)(b), MCA, the State points out that Corpron is due an additional credit of eighteen days for his Jefferson County sentence upon revocation because his Probation Officer arrested Corpron on February 10, 2023, yet the warrant was served on February 28. The State requests that this Court deny all other of Corpron's claims in his Petition.

We agree with the State's conclusions. Corpron has not demonstrated illegal incarceration concerning the original Jefferson County sentence and Lewis and Clark County suspended sentence. His Lewis and Clark County sentence upon revocation is valid. Corpron's Jefferson County sentence upon revocation must be amended to include the eighteen days of credit for time served.

3

Given that a portion of Corpron's Jefferson County sentence upon revocation is illegal, remand to the Jefferson County District Court is proper. *State v. Heafner*, 2010 MT 87, ¶ 11, 356 Mont. 128, 231 P.3d 1087. Accordingly,

IT IS ORDERED that:

1. Corpron's Petition for Writ of Habeas Corpus is GRANTED in part and his underlying matter is REMANDED to the Fifth Judicial District Court, Jefferson County, to amend the April 12, 2023 Sentencing Judgment to reflect a total of 213 days of credit for time served (152 for street time and 61 days of jail time from February 10, 2023 to April 12, 2023) instead of 195 days;

2. Corpron's Petition for Writ of Habeas Corpus is DENIED to all other claims; and

3. the Clerk of the Supreme Court shall CLOSE this matter as of this Order's date.

The Clerk is directed to provide a copy of this Order to: the Honorable Luke Berger, Fifth Judicial District Court, Jefferson County; Dorianne Woods, Clerk of District Court, under Cause No. DC-2018-60; counsel of record, and Silas J. Corpron personally.

DATED this 26 day of September, 2023.

_____

_____

_____

_____

_____
Justices

4