FILED

12/05/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0325

DA 22-0325

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 236

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

JOSHUA RICHARD LARSON,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC-17-248
Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Rufus I. Peace, Peace Law Group, LLC, Jacksonville, Florida

      For Appellee:

      Austin Knudsen, Montana Attorney General, Tammy K Plubell, Assistant Attorney General, Helena, Montana

      Kirsten H. Pabst, Missoula County Attorney, Matt Jennings, Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  October 4, 2023

Decided:  December 5, 2023

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Joshua Richard Larson appeals the Fourth Judicial District Court's revocation of his suspended Missoula County sentence. Larson urged the District Court to dismiss the revocation proceeding with prejudice because he did not make his first appearance in Missoula County District Court until sixty-six days after service of the warrant for his arrest. The District Court agreed that Larson's appearance was untimely but dismissed the revocation petition without prejudice. The State refiled the petition, Larson admitted the allegations, and the court revoked his suspended sentence. He now challenges the District Court's refusal to dismiss the petition with prejudice. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Larson was convicted on his 2017 guilty plea to felony sexual assault, in violation of § 45-5-502(1), MCA. The District Court sentenced him on March 16, 2018, to the Montana Department of Corrections (DOC) for twenty-five years, all suspended, to run consecutively to a sentence Larson was then serving from Dawson County. Larson had been convicted in Dawson County in October 2016 of two counts of sexual abuse of children and received consecutive four-year suspended sentences on each count. Based on Larson's conduct on supervision, his Dawson County suspended sentences were revoked in June 2017; that court imposed consecutive four-year terms of commitment to DOC, with a total of four years suspended. Montana Probation and Parole Officer Kate Darnell supervised Larson on both the Dawson County and Missoula County cases.

2

¶3 On July 9, 2021, Larson was arrested in Missoula County after Officer Darnell placed a hold on him for both cases because of suspected probation violations. He made an initial appearance that same day in Missoula County Justice Court, which set bail in the amount of $100,000 and remanded him to the Missoula County Detention Center. Officer Darnell dropped the hold three days later as it pertained to the Missoula County case, and Larson was transferred to the custody of Dawson County. The Dawson County District Court revoked his sentence on September 24, 2021, and committed him to the DOC for a four-year term.

¶4 In the meantime, the Missoula County Attorney had filed a petition in the Fourth Judicial District Court at the end of August to revoke Larson's suspended Missoula County sentence. Days after Larson's sentencing in Dawson County, the Fourth Judicial District Court issued a warrant for his arrest. The warrant was served on September 29, 2021. Larson appeared that day before a Dawson County Justice of the Peace, who informed him of the revocation petition, the maximum and minimum penalties he would face, and his rights as prescribed by § 46-7-102, MCA.[1] Larson acknowledged the court's advisories in writing and expressed his desire for appointed counsel. The Justice Court appointed the Office of Public Defender to represent him and bound Larson over to the Missoula County District Court.

¶5 For reasons unclear from the record, Larson was placed in DOC custody. He did not return to Missoula County until November 23, 2021. Larson appeared in District Court

---

[1] The Justice of the Peace cited § 46-8-102, MCA, in her order, which appears to be a typographical error.

on December 3; the court advised him of his rights in the revocation proceeding pursuant to § 46-18-203(4), MCA, explained the revocation process, and scheduled the adjudication hearing.

¶6　Ten days before the hearing, Larson moved to dismiss, arguing that the petition to revoke must be dismissed because he was not "brought before the judge" within "60 days after arrest," as required by § 46-18-203(4), MCA. Because the Justice Court did not advise him of the rights enumerated in § 46-18-203(4), MCA, the District Court rejected the State's argument that the September 29 appearance in Dawson County Justice Court satisfied the statutory requirements. The court concluded nonetheless that the delay of six days beyond the 60-day appearance deadline was minimal, occurred when Larson was incarcerated on his Dawson County sentence, and caused him no prejudice. Consequently, the court dismissed the State's petition to revoke without prejudice and allowed it to file an amended petition. Larson later admitted to the allegations and filed his notice of appeal following the District Court's final order of disposition.

## STANDARDS OF REVIEW

¶7　Whether an initial appearance is sufficient to satisfy statutory requirements is a question of statutory construction, which we review for correctness. *State v. Norvell*, 2019 MT 105, ¶ 13, 395 Mont. 404, 440 P.3d 634. A court's ruling on a motion to dismiss in a criminal case also presents a question of law that we review to determine if the district court's conclusion of law is correct. *State v. Dodson*, 2009 MT 419, ¶ 31, 354 Mont. 28, 221 P.3d 687. "The standard of review of discretionary trial court rulings in criminal cases

4

is whether the trial court abused its discretion[,] and the reasonableness of a delay is a discretionary decision which is factually driven." *State v. Gatlin*, 2009 MT 348, ¶ 15, 353 Mont. 163, 219 P.3d 874.

## DISCUSSION

¶8 Although the due process rights afforded a probationer in a revocation proceeding differ from those afforded a person accused of a crime, the liberty interests at stake in a probation revocation proceeding require "the minimum requirements of due process." *State v. Triplett*, 2008 MT 360, ¶ 16, 346 Mont. 383, 195 P.3d 819 (quoting *State v. Pedersen*, 2003 MT 315, ¶ 21, 318 Mont. 262, 80 P.3d 79). In part, § 46-18-203(4), MCA, sets forth the process due. It requires:

> Without unnecessary delay and no more than 60 days after arrest, the offender must be brought before the judge, and at least 10 days prior to the hearing the offender must be advised of:
> (a) the allegations of the petition;
> (b) the opportunity to appear and to present evidence in the offender's own behalf;
> (c) the opportunity to question adverse witnesses; and
> (d) the right to be represented by counsel at the revocation hearing pursuant to Title 46, chapter 8, part 1.

Larson argued, and the court agreed, that this statute was violated when Larson first appeared before the District Court sixty-six days after he was served with the Missoula County arrest warrant. The court disagreed with the State's contention that Larson's appearance in Dawson County satisfied the requirements of § 46-18-203(4), MCA, because the Justice Court did not advise Larson of his rights under that statute. The District Court determined that the proper remedy was dismissal. It rejected Larson's contention,

5

however, that any dismissal had to be with prejudice. Noting that Larson offered no legal authority for that argument, the court observed that Larson had been incarcerated on the Dawson County petition to revoke and then on the Dawson County sentence, with which the Missoula County sentence was running consecutively. The court concluded, "[t]he delay of 6 days was minimal and he suffered no prejudice as a result."

¶9 Larson maintains his argument on appeal that the delay in bringing him before the Missoula County District Court violated his due process rights codified in § 46-18-203(4), MCA. Because the sixty-day limit is a strict statutory requirement without exceptions, Larson argues, the only remedy is dismissal with prejudice. The State responds that the plain language of the statute does not include such a mandatory remedy if more than sixty days have elapsed and that this Court's precedent applies due process safeguards when reviewing compliance with statutory probation revocation procedures.[2]

¶10 As the State points out, Larson had an initial appearance on the Missoula County revocation petition the same day he was served with the warrant. The Dawson County Justice Court advised Larson of the revocation petition and the potential sentence and informed him of his rights to counsel and to remain silent. After Larson requested counsel, the Justice Court appointed him a public defender. In his brief on appeal, Larson's chronology of events overlooks the Dawson County Justice Court appearance, and he does

---

[2] We reject the State's preliminary argument that Larson's appeal is untimely because he did not file it when the District Court first ruled on his motion to dismiss. A criminal defendant may appeal "only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant." Section 46-20-104(1), MCA. Dismissal of the petition without prejudice was not a final judgment of conviction.

not address the State's argument in this regard. Larson maintains, however, that "[t]he State violated [his] rights by not bringing him before a judge to conduct an initial appearance where he would be advised of the allegations against him and his rights as set forth in [§ 46]-18-203(4)(a)-(d), within[ ] 60 days as required by [the statute]."

¶11 "An important purpose behind requiring an initial appearance is to protect the defendant from being jailed for an indefinite period of time and to prevent him from being held incommunicado for a protracted time." *Gatlin*, ¶ 22 (citation omitted). The Justice Court followed § 46-7-102, MCA, the procedure for initial appearance on newly filed criminal charges, when it advised Larson of his rights. "The purpose behind § 46-7-102, MCA, is to ensure the defendant is duly informed of his constitutional rights as soon as possible." *Gatlin*, ¶ 23 (citing *Commission Comments*, § 46-7-102, MCA). We held in *Gatlin* that if a defendant was not prejudiced by the inadequacy of his initial appearance or by an unreasonable delay, a court "should decline to dismiss the charges with prejudice." *Gatlin*, ¶ 26.

¶12 Relying on our decision in *Triplett*, the District Court held that Larson's justice court appearance did not satisfy § 46-18-203(4), MCA. The court noted our statement in *Triplett* that the "without unnecessary delay" language—to which now has been added the sixty-day limit—"refers to a probationer's initial appearance before the court, when he is advised of the rights set forth in § 46-18-203(4)(a)-(d), MCA." *Triplett*, ¶ 19. Larson, the District Court reasoned, was not advised of his § 46-18-203(4) rights until December 3, 2021, sixty-six days after his arrest.

¶13 The issue in *Triplett* was whether the delay between a probationer's answer hearing and the evidentiary hearing on the petition to revoke violated due process. Triplett argued that the "without unnecessary delay" requirement applied to the adjudicatory hearing; we disagreed, noting that the phrase "plainly refers to the first court appearance after an offender is arrested pursuant to a revocation petition." *Triplett*, ¶ 18. Here, Larson's first court appearance occurred the same day he was served with the warrant. Although the Justice Court followed the rights advisory contained in § 46-7-102, MCA, rather than the rights advisory contained in § 46-18-203(4), MCA, the distinctions are immaterial to Larson's substantial rights in this case. Both statutes require that the offender be advised of the allegations or charges against him and of the right to be represented by counsel. Further, it is immaterial that Larson's first appearance was before a justice of the peace and not before the District Court in which the revocation petition was filed. Larson implicitly acknowledges as much, as he does not develop an argument or cite any authority to the contrary. Larson was brought promptly before a judge, informed of the allegations and potential penalties, and advised of his rights. Larson's September 29 justice court appearance met the purposes behind a prompt initial appearance. *See Gatlin*, ¶¶ 22-23.

¶14 This Court may affirm a district court's decision on any basis supported by the record, even if the trial court applied a different rationale. *State v. Theeler*, 2016 MT 318, ¶ 6, 385 Mont. 471, 385 P.3d 551. *Triplett* does not counsel a holding that Larson's initial appearance on the revocation petition was untimely. We conclude that Larson's substantial rights were protected when he appeared promptly before the Dawson County Justice Court;

8

it informed him of the revocation petition, appointed counsel, and bound him over to District Court. The District Court then gave Larson the § 46-18-203(4), MCA advisories "at least 10 days prior to the hearing," as the statute requires. Larson's September 29 justice court appearance satisfied the requirement for initial appearance under § 46-18-203(4), MCA.

¶15 Accordingly, the District Court certainly committed no error when it refused Larson's request to dismiss the petition with prejudice. *See Gatlin*, ¶¶ 15, 26. *Compare State v. Cameron*, 2021 MT 198, ¶¶ 27-28, 405 Mont. 160, 494 P.3d 314 (holding that, though dismissal for "unnecessary delay" in initial appearance typically is without prejudice, a twenty-two-month delay in initial appearance on a probation revocation petition violated due process and required dismissal with prejudice).

## CONCLUSION

¶16 The District Court's April 29, 2022 Judgment revoking Larson's sentence is affirmed.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ INGRID GUSTAFSON
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR