FILED

03/24/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0111

DA 24-0111

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 61

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CHRISTOPHER SANCHEZ,

Defendant and Appellant.

APPEAL FROM:  District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DC-2019-25
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Abigail Mathews, Attorney at Law, Great Falls, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Selene Koepke, Assistant Attorney General, Helena, Montana

Steve Haddon, Jefferson County Attorney, Andrew Paul, Deputy County Attorney, Boulder, Montana

Submitted on Briefs:  March 11, 2026

Decided:  March 24, 2026

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Appellant, Christopher Sanchez (Sanchez), appeals from the District Court's second revocation order issued by the Fifth Judicial District Court, Jefferson County, Montana on January 3, 2024. We reverse in part and remand for correction of the disposition.

¶2 The issue on appeal is:

> *Whether the District Court's disposition of January 3, 2024, illegally extended Sanchez's sentence when it included the probationary period of Sanchez's custodial sentence in its revocation of the suspended portion.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Sanchez was arrested and charged with felony DUI on July 8, 2019. He was originally sentenced on November 6, 2019, to 2 years DOC followed by 4 years additional suspended time with 90 days credit for time served. On May 10, 2020, Sanchez completed the WATCh residential treatment program. A little over a year later, as a probationary sanction, Sanchez was ordered to complete 90 days in pre-release.

¶4 After completing his pre-release sanction, Sanchez continued to violate rules of probation. As such, on September 22, 2021, the State filed a petition to revoke. Sanchez admitted the alleged violations and on February 9, 2022, the District Court revoked the prior sentence and re-imposed the remaining probationary and suspended portions— 5 years, 3 months—to DOC, all suspended, except for placement into a 9-month treatment program, and a 76-day credit (which will be further discussed below).

¶5 Sanchez was placed in pre-release for 90 days, from June 9, 2022, to September 7, 2022, which is when he was released into the community. Sanchez remained in the community without violation until May 29, 2023. Thereafter, he continued to exhibit

2

various violations of the rules of probation resulting in the State filing its second petition to revoke on October 12, 2023. Following a hearing on December 13, 2023, the District Court found Sanchez violated the terms of his probation, granted the petition to revoke, and set a disposition hearing for January 3, 2024. At the disposition hearing, the State presented evidence of the violations as well as evidence of violations that have been ongoing since the revocation hearing. The District Court revoked his sentence, imposed a 5-year, 3-month disposition to DOC, and granted him 505 days of credit, for a net disposition of 1,410 days to DOC.

## STANDARD OF REVIEW

¶6 We review a district court's revocation of sentence for an abuse of discretion and its conclusions of law for correctness. *State v. Torres*, 2017 MT 177, ¶ 6, 388 Mont. 161, 398 P.3d 279. We review a criminal sentence for legality. *State v. Toulouse*, 2024 MT 184, ¶ 8, 418 Mont. 1, 554 P.3d 706.

## DISCUSSION

¶7 *Whether the District Court's disposition of January 3, 2024, illegally extended Sanchez's sentence when it included the probationary period of Sanchez's custodial sentence in its revocation of the suspended portion.*

¶8 Sanchez asserts his revocation sentence of January 3, 2024, is illegal as it imposed a commitment term of five years and three months to the DOC when there was only three years and three months of suspended time left to revoke. He asserts this disposition violates § 46-18-203(7)(a)(iii), MCA, as it is a longer commitment term than the original sentence.

¶9 The State also asserts the District Court impermissibly added time from Sanchez's discharged custodial portion of his sentence to the revocation dispositions of February 9,

3

2022, and January 3, 2024. The State asserts this case should be remanded for correct calculation of the suspended time available to revoke and for resentencing accordingly, but advocates in doing so that Sanchez should not be given any additional incarceration or street time credit.

¶10 From our review of the record, Sanchez and the State are correct as to the effect of the District Court's disposition orders of February 9, 2022, and January 3, 2024. The manner in which the District Court pronounced the dispositions intermixed Sanchez's probationary time remaining on the initial custodial portion of his sentence with the suspended four-year portion. With regard to the first revocation, the District Court subtracted the pretrial, treatment, and sanction periods of incarceration from the original 6-year term (comprised of 2 years custodial time and 4 years suspended time) to conclude there remained 5 years, 3 months of suspended time which could be revoked. At the second disposition, the District Court switched gears and rather than subtracting additional periods of incarceration and elapsed time to determine what remained of suspended time which could be revoked, the District Court instead revoked the entire 5-year, 3-month suspended time that remained at the time of the first revocation disposition, re-imposed it all suspended, except for placement into a 9-month treatment program, and then credited back custodial and street time accruing after the first revocation.

¶11 To determine if the District Court actually imposed an illegal disposition longer than the original sentence in violation of § 46-18-203(7)(a)(iii), MCA, we must, at a minimum, start with the original sentence, apply the sentencing provisions of § 61-8-731, MCA (2019), and subtract periods of incarceration and periods of elapsed time without record or

4

recollection of violations pronounced by the District Court to determine the actual time available for revocation on the original sentence.

¶12 Sanchez was arrested July 8, 2019. He pled guilty. He was originally sentenced on November 6, 2019, to 2 years custodial time (730 days), during which he would attend the WATCh treatment program, followed by an additional 4 years (1,460 days) suspended time to DOC, for a total sentence of 6 years (2,190 days). The District Court then ordered Sanchez be credited with 90 days for pretrial incarceration—leaving a remainder of 2,100 days on his sentence.[1] Sanchez was incarcerated upon sentence and then placed in the WATCh treatment program. He was discharged from WATCh to the community on May 10, 2020.

¶13 Pursuant to § 61-8-731, MCA (2019), "if the person successfully completes a residential alcohol treatment program approved by the department of corrections, the remainder of the sentence must be served on probation." Thus, upon his discharge from the WATCh residential treatment program, the approximate 18 months (544 days) remaining of his 2-year DOC custodial sentence was to be served on probation followed by an additional 4 years of suspended time. Thus, upon credit for pretrial incarceration and completion of the time in WATCh, Sanchez had 1,914 days (approximately 5 years, 3 months) remaining in probationary and suspended time.

¶14 Sanchez remained compliant with probation rules from his release from WATCh on May 10, 2020, until sometime in April 2021, when he began relapsing with alcohol

---

[1] Although the District Court credited Sanchez with 90 days credit for pretrial incarceration at the time of his original sentence, it appears he had only served 76 days of pretrial incarceration.

consumption. Thereafter, Sanchez struggled to remain compliant with probation and was sanctioned to 90 days in pre-release. After discharging back into the community from this pre-release sanction, Sanchez continued to violate rules of probation leading to the State filing a petition for revocation on September 22, 2021. Sanchez admitted the alleged violations and on February 9, 2022, the District Court granted the revocation petition and imposed a 5-year, 3-month DOC sentence (1,915 days), all suspended, except for placement into a 9-month treatment program. It is clear that the District Court calculated the 5 years, 3 months it determined to be available for revocation by deducting the following periods of incarceration that Sanchez served on the initial 2-year custodial portion of his sentence from his original 6-year sentence: (1) 90 days for pretrial incarceration and (2) 186 days for the period from sentencing on November 6, 2019, to his release from WATCh into the community on May 10, 2020. Sanchez also served a 90-day pre-release sanction. However, in an apparent attempt to correct the initial over-crediting of Sanchez for 90 days pretrial incarceration rather than the 76 days he actually served pretrial, and to accurately reflect credit for all incarceration to the date of disposition, the District Court provided Sanchez with 76 days of additional credit for time served in association with the 90-day pre-release sanction. The District Court did not grant Sanchez any street time credit.[2] Thus, upon pronouncement of the first revocation disposition on

---

[2] Although it appears Sanchez had remained in the community without record of violation from May 11, 2020, to April 2021 (at least 326 days), the record does not reflect any objection with regard to denial of street time credit—although in his briefing Sanchez notes that he did file an application for sentence review on July 27, 2022, asserting entitlement to a period of compliance from May 11, 2020, when released from WATCh into the community, to April 30, 2021, when a case management response occurred.

6

February 9, 2022, after crediting Sanchez for all incarceration time credit, 1,838 days remained on the original 6-year sentence.

¶15 Following the February 9, 2022 disposition, Sanchez was again placed in pre-release for 90 days from June 9, 2022, to September 7, 2022, when he was released into the community—leaving 1,748 days remaining on his original 6-year sentence. Sanchez remained in the community without violation—264 days—until May 29, 2023. Thereafter, he continued to exhibit various violations of the rules of probation resulting in the State filing its second petition to revoke on October 12, 2023. Following the hearing on December 13, 2023, the District Court found Sanchez violated terms of his probation, granted the petition to revoke, and set a disposition hearing for January 3, 2024. At the disposition hearing, the State presented evidence of ongoing violations since the revocation hearing. The District Court revoked his sentence and imposed a net disposition of 1,410 days—5 years, 3 months to the DOC with 505 days of credit. Although the District Court did not specifically parse out the 505 days of credit it gave in its disposition order on Sanchez's 2023 revocation, as the State notes, at the disposition hearing the District Court "recognized that Sanchez was entitled to another 338 days of credit for the period between the previous revocation and the new violations." Sanchez made no objection to the 338-day calculation of elapsed time advanced by his probation officer.

¶16 As indicated above, using incarceration and street time credit determined by the District Court, at the time of the second disposition 1,748 days of combined probationary (544 days remaining on the initial 2-year custodial portion) and suspended (1,204 days suspended time) time remained on his original sentence. Crediting Sanchez with 338 days

7

of elapsed time left 1,410 days of combined probationary time (206 days[3] remaining in the initial 2-year custodial portion) and suspended time (1,204 days suspended time) remaining on his original sentence. Thus, the amount of time imposed by the District Court in its disposition of January 3, 2024, was not a longer commitment, in terms of days, than the original sentence. However, while the amount of time the District Court imposed was not longer than the original sentence, the way in which the District Court revoked Sanchez's remaining probationary and suspended time and then imposing it all as a DOC custodial sentence was error. Although it is apparent the District Court was trying to remain within the confines of the 6-year term of the original sentence, the District Court misapprehended the effect of § 61-8-731, MCA (2019)'s requirement that "if the person successfully completes a residential alcohol treatment program approved by the department of corrections, the remainder of the sentence must be served on probation," and treated the remaining probation time of the custodial portion of the original sentence as suspended time, adding it to the original 4 years of suspended time.

¶17    The statutory language of § 46-10-203(7)(a)(iii), MCA, allows for a court to revoke the suspension of a sentence, "but provides no mechanism for a court to revoke an 'active' custodial sentence upon petition by the State." *Toulouse*, ¶ 14. "[T]he District Court's revocation authority is limited to revocation of suspended time" and "[t]he revocation sentence shall begin to run upon discharge of [] custodial time." *Toulouse*, ¶ 14. Here, at the time of the January 3, 2024 disposition, Sanchez had 206 days (544 days minus the

---

[3] 544 probationary days remaining on the 2-year custodial portion of the sentence minus 338 days street time credit applied by the District Court equals 206 days.

338 days without a record of violation) remaining on the original custodial portion of his sentence which, pursuant to § 61-8-731, MCA (2019), "must be served on probation," and 1,204 days of suspended time available to the District Court to revoke. The District Court acted beyond its authority in revoking the 206 probationary days remaining on Sanchez's original custodial sentence and imposing them as a DOC commitment as the District Court only had authority to revoke the remaining suspended time pursuant to § 46-18-203(7)(a)(iii), MCA.

¶18 Accordingly, we reverse the disposition of January 3, 2024, and remand to the District Court to correct its disposition to revoke only the 1,204 days of suspended time remaining as of January 3, 2024. The State further asserts that Sanchez should not be given any additional incarceration or street time credit upon remand for correction of sentence. From review of the record, it is less than clear how Sanchez's probation officer and the District Court determined the 338-day street time credit or why Sanchez did not object to the calculations of street time credit at either of his revocation disposition proceedings. This Court has held, however, that a district court's failure to state the reason for the discretionary decision to grant or deny credit for street time under § 46-18-203(7)(b), MCA, "is a waivable statutory defect if the sentence imposed was facially legal and did not exceed statutory mandates." *State v. Youpee*, 2018 MT 102, ¶ 11, 391 Mont. 246, 416 P.3d 1050. As the State and Sanchez did not object to the District Court's 338-day street time credit, the parties' waived any reconsideration of this credit. As to credit for time served, this Court has held that "[c]alculating credit for time served is not a discretionary act, but a legal mandate." *State v. Kortan*, 2022 MT 204, ¶ 11, 410 Mont.

9

336, 518 P.3d 1283 (quoting *State v. Tippet*, 2022 MT 81, ¶ 10, 408 Mont. 249, 509 P.3d 1). Further, the language of § 46-18-203(7)(b), MCA, at issue here, is not discretionary when it comes to the awarding of credit for time served—"[c]redit must be allowed for time served in a detention center." Thus, should the record show incarceration days exceeding those already credited by the District Court, Sanchez is entitled to credit for them as well as required by § 46-18-203(7)(b), MCA.

¶19 Consistent with district courts' limited authority to revoke only suspended or deferred time, the disposition order upon revocation only replaces the original sentence as to the non-custodial portion of the original sentence pursuant to the parameters of § 46-18-203, MCA. Given a district court's limited authority in a revocation action and to avoid the type of confusion occasioned here, we caution prosecutors to only seek revocation of specific periods of suspended or deferred time, district courts to revoke only specific periods of suspended or deferred time, and defendants to diligently represent the specific detention and street time credits they seek.

¶20 Reversed in part and remanded for correction of the disposition in accordance with this Opinion.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M. BIDEGARAY
/S/ JIM RICE

10